**Harvey K. McARTHUR, Patrick O'Reilly, Miami Socialist Workers' 1985 Campaign, J. Doe, R. Roe, and S. Soe, Plaintiffs,**

v.

**Jim SMITH, individually, and as Secretary of State, State of Florida, Dorothy W. Glisson, individually, and as Deputy Secretary of Elections, Penny G. Lazzara, Sylvia Boothby, Carol B. Chira, Eugene A. Crist, Dr. Robert Huckshorn, Dr. Anne E. Kelly, and Isaac Withers, individually, and as members of the Florida Elections Commission, Defendants.**

No. 85–3070–Civ.

United States District Court,
S.D. Florida.

April 3, 1989.

Order of Clarification May 9, 1989.

See also 690 F.Supp. 1018.

Stephen T. Maher, Coral Gables, Fla., for plaintiffs.

John J. Rimes, III, Asst. Atty. Gen., Tallahassee, Fla., for defendants.

Phyllis Slater, Counsel of Div. of Elections, Tallahassee, Fla., for defendants.

John J. Copelan, Jr., Miami, Fla., for City of Miami, amicus curiae.

FINAL ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

The plaintiffs, the Socialist Workers' Party's candidate, his supporters and others, have filed a motion for summary judgment

in their effort to enjoin Florida's election campaign disclosure laws as applied to them in Miami's nonpartisan mayoral race. The defendants, various state officials, likewise have filed a motion for summary judgment to enforce the election laws. Based on the parties' stipulation of facts and the court's view that *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982), applies to both partisan and nonpartisan elections, the court grants the plaintiffs' motion for summary judgment.

## I. FACTS

The plaintiffs are associated with, or seek to associate with, the Socialist Workers' Party ("SWP"), a small and unpopular political party. The plaintiffs challenge several provisions of the election laws that require them to report information that would reveal their identities to the public.[1] The plaintiffs contend, and the defendants agree, "that there is a reasonable probability that compliance with the challenged provisions would subject the plaintiffs to threats, harassment and reprisals" from private persons.[2] The parties contest, at least in part, the probability of threats by *government* officials. The parties mutually conclude, however, that no material issue of fact exists regarding the danger in Miami of publicly associating with the SWP.

## II. DISCUSSION

■ The plaintiffs seek to protect their constitutional right against compelled disclosure of political association and belief. The Supreme Court recognizes that "[s]uch disclosure 'can seriously infringe on privacy of association and belief guaranteed by the first amendment.'" *Brown*, 459 U.S. at 91, 103 S.Ct. at 419 (quoting *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976)). The right of privacy in one's political association is not absolute, but instead must yield to a compelling state interest. *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *see also Sweezy v. New Hampshire*, 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1957). To infringe on this privacy right, the Constitution requires a "substantial relation between the information sought and [an] overriding and compelling state interest." *Gibson v. Florida Legislative Comm.*, 372 U.S. 539, 546, 83 S.Ct. 889–893, 9 L.Ed.2d 929 (1963).

■ Supreme Court precedent provides three government interests that may be sufficient to justify compelled disclosure of campaign contributors and recipients; "enhancement of voters' knowledge about a candidate's possible allegiances and interests, deterrence of corruption, and the enforcement of contribution limitations." *Brown*, 459 U.S. at 92, 103 S.Ct. at 420. The balancing of these government interests against the right to privacy in one's political associations sometimes requires exempting minor political parties from compelled disclosures. This exemption is justified because the government's interests are "diminished" in the case of minor parties. *Id.* The state's interests are reduced because minor party candidates views are usually definite and publicized. Moreover, the improbability of a SWP candidate winning reduces the danger of unethical campaign practices. *Id.* Conversely, the first amendment requires heightened protection of dissident minor parties to encourage the "free circulation of ideas within and without the political arena." *Buckley*, 424 U.S. at 71, 96 S.Ct. at 659.

This balancing of interests prompted the Supreme Court to articulate a straight-forward test for deciding when the first amendment protects minor parties from forced disclosures:

The evidence offered need show only a reasonable probability that the compelled

1. Specifically, the plaintiffs want Florida Statute sections 106.07(4)(a)1, (4)(a)7, (4)(a)8, (4)(a)3, 106.07(6), 106.025(1)(b), 106.19 and 106.265 declared unconstitutional as they now exist and as they existed during the pendency of this litigation.

2. The parties have also stipulated that the court may consider numerous newspaper articles as evidence of private forms of reprisal, ranging from egg-throwing to bombings. Because the parties have stipulated to this critical fact, the court will not detail the numerous violent acts directed against the plaintiffs.

disclosure of a party's contributors' names will subject them to threats, harassment or reprisals from *either* Government officials or private parties. *Buckley*, 424 U.S. at 74, 96 S.Ct. at 661 (emphasis supplied). The Court subsequently applied this same test to compelled disclosure of recipients of campaign disbursements. *Brown*, 459 U.S. at 98, 103 S.Ct. at 423. The Court recognized the potential risk of compelled disclosure of names of recipients and contributors and devised this test to afford minor parties the opportunity to operate effectively.

■ With these principles in mind, this court must address whether the evidence in this case favors the right to privacy in one's political associations or favors compelled disclosure under Florida's election laws. The uncontradicted, stipulated evidence states that compliance with the challenged provisions would subject the plaintiffs to threats, harassment and reprisals from private persons. This evidence completely satisfies the Supreme Court's test and, consequently, compels the conclusion that Florida's campaign disclosure laws cannot be constitutionally applied to the plaintiffs.

The defendants raise two major objections in their memoranda and subsequent oral argument against granting the plaintiffs' motion for summary judgment. The first contention is that a material issue of fact exists regarding whether governmental hostility would be directed towards the plaintiffs if their identities were revealed. The Supreme Court's test, however, indicates that this issue is not material. The Court clearly stated that the first amendment prohibits compelled disclosure of contributors or recipients' names if the revelation would subject them to harassment from *either* government officials or private parties. The Court's use of "either" indicates that harassment, reprisals or threats from private persons is sufficient to allow this court to enforce the plaintiff's first amendment rights by cloaking the contributors and recipients' names in secrecy.

■ The defendants also argue that *Brown* and *Buckley*'s principles do not apply to nonpartisan elections. The fact that Miami's mayoral election is "nonpartisan" does not make the first amendment's protections inapplicable. The election is only "nonpartisan" to the extent that candidates are not nominated by party primaries and ballots do not specify candidates' party affiliations. *Miami City Charter*, §§ 7–8. The City Charter does not place other restrictions regarding the nonpartisan nature of the election. "Nonpartisan," therefore, does not mean that candidates cannot state their party affiliation during the campaign, unlike other nonpartisan elections such as state circuit court judgeships. Indeed, in this nonpartisan election, as in any partisan election, nothing prohibited any of the candidates from seeking campaign contributions and support from political parties. The fact that the plaintiffs would be subjected to threats, harassment and reprisals if forced to disclose contributors and recipients' names, outweighs any distinction that the nonpartisan nature of the election has with respect to the applicability of *Brown* to this minor political party. First amendment protections do not hinge on whether an election ballot announces party affiliation.

The defendants attempt to distinguish *Brown* using the partisan/nonpartisan argument because they contemplate an election where candidates simply declare affiliation with an unpopular group to avoid disclosing the names of contributors and recipients. This speculative argument cannot justify abandoning first amendment principles. The State of Florida can satisfy its interest in fair elections by using more restricted means. The State, for example, could institute an exemption procedure for minor parties similar to the one used in the federal election system, or could require some type of private disclosure. The present election laws are unconstitutional. Accordingly, the court

ORDERS and ADJUDGES that plaintiffs' motion for summary judgment is GRANTED.

FURTHER ORDERS and ADJUDGES that Florida Statute sections 106.07(4)(a)1, (4)(a)7, (4)(a)8, (4)(a)3, 106.07(6), 106.-

025(1)(b), 106.19, and 106.265 are unconstitutional as they now exist and as they existed during the pendency of this action, and the defendants and their successors are enjoined from enforcing them against the plaintiffs.

DONE and ORDERED.

## ORDER OF CLARIFICATION

The defendants have filed a motion to amend the final order granting summary judgment. Specifically, the defendants request that the final order declare the Florida Statute sections unconstitutional only as applied to these plaintiffs. The plaintiff's response indicates that they read the final order as holding the challenge of the statutes unconstitutional as applied, not unconstitutional on their face. The court and both parties seem to agree, but, to remove any confusion, the court now specifies that the listed Florida Statute sections are unconstitutional only *as applied* to these plaintiffs and are not unconstitutional on their face.

DONE and ORDERED.